CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
07/11/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BESSIE LAWHORNE,<br><br>                *Plaintiff*,<br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC., *ET AL*.,<br><br>                *Defendants*. | CASE NO. 3:19-cv-00016<br><br>MEMORANDUM OPINION<br><br>SENIOR JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Bessie Lawhorne's Motion to Remand the action to the Circuit Court for the City of Charlottesville pursuant to 28 U.S.C. § 1447(c). (Dkt. 8). Defendant Walgreens Boots Alliance, Inc., which removed the action, filed an opposition. (Dkt. 15). The Court heard the matter and the Motion is ripe for a determination. Also before the Court is Plaintiff's Motion for Partial Voluntary Dismissal without Prejudice with Respect to Walgreens Boots Alliance, Inc. (Dkt. 19). For the reasons set out below, the Court will remand the case to the Circuit Court for the City of Charlottesville and deny the motion to dismiss as moot.

        **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

This is an automobile accident case. According to the complaint, on May 12, 2017, Bessie Lawhorne ("Lawhorne") was a passenger in a minivan traveling eastbound on I-64 in Louisa County, Virginia. (Dkt. 1, Notice of Removal Ex. A, Am. Compl. ¶ 6). Lawhorne alleges that another car, driven by Defendant Trisha Mashayekh, struck the minivan from behind, "forcing [it] off the roadway and into the median." (*Id.* ¶ 8). Lawhorne alleges that as a result of the collision she sustained serious, severe, painful, and permanent injuries. (*Id.* ¶ 10). Lawhorne further alleges that at the time of the collision Mashayekh was acting within the course and scope

of her employment with Walgreen Co. and/or Walgreen Boots Alliance ("WBA"). (*See id.* ¶¶ 13, 17).

Lawhorne filed a personal injury action in the Circuit Court for the City of Charlottesville in January 2019, naming Mashayekh and WBA as defendants. On February 6, she amended the complaint to add Walgreen Co. (*See* Dkt. 9 (Pl.'s Br. in Supp. of Mot. to Remand at 2)). In her amended complaint, Lawhorne alleges she is a citizen of Virginia and, upon information and belief: (1) Defendant Mashayekh is a resident of Virginia; (2) Walgreen Co. is a corporation with its principle office in Illinois; and (3) Walgreens Boots Alliance, Inc. is a corporation with its principle office in Illinois. (Dkt. 1-1 (Amend. Compl. ¶¶ 1-4).

Lawhorne's negligence action is against Mashayekh directly and against Walgreen Co. and WBA under the principles of agency and respondeat superior. (Am. Compl. ¶¶ 8-19). She seeks $2.5 million in damages. (Am. Compl. at 8). Service was made on WBA in February 2019 and WBA filed an answer on February 22, 2019. Service was not made on the other defendants, including Mashayekh, prior to removal.

WBA removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. (Dkt. 1). WBA asserts that Lawhorne, a citizen of Virginia, and WBA, a foreign corporation, are diverse from each other and that the amount in controversy exceeds $75,000. (Dkt. 1). WBA also alleges that at the time of the removal, Walgreen Co. and Mashayekh had not been served with process and, as a result, "complete diversity exists" and the Court has subject matter jurisdiction over the action. (*Id.*; Dkt. 9 at 1)).

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the United States Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994). Generally, a case may be filed in federal court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is federal question jurisdiction under 28 U.S.C. § 1331.

The removal statute allows a state court defendant to remove a case to federal district court if the state court action could have been originally filed there. Fed. R. Civ. P. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court . . . ."). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 [] and is between [] citizens of different states." 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Removal statutes are strictly construed against removal and all doubts about the propriety of removal are resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.* 6 F.3d 229, 232 (4th Cir. 1993). The removing party bears the burden of showing removal was proper. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). In determining a motion to remand, the court looks to the record at the time of the removal. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-15 (11th Cir. 2007).

### III. ANALYSIS

#### A. Plaintiff's Motion to Remand

WBA removed this action from the Circuit Court for the City of Charlottesville, alleging federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because "Walgreens

3

Boots Alliance, Inc., is not a citizen of Virginia and complete diversity exists given the other co-defendants have not been served." (Dkt. 1 at 1, 2). Thus, WBA asserts that the Court should not remand this case because at the time of removal complete diversity existed among the plaintiff and the *served* defendant, despite the fact that the unserved defendant appears to be a citizen of Virginia, as is Plaintiff.

WBA argues that 28 U.S.C. § 1441(b)(2), sometimes referred to as the "forum-defendant rule" or the "home-state defendant rule," provides a basis for this Court to exercise jurisdiction over the case because removal was accomplished by WBA, a non-forum defendant at a time the alleged forum co-defendant, Mashayekh, had not bee properly joined and served. WBA states that Plaintiff is correct that there is a split among federal courts regarding how to apply the forum-defendant rule regarding the effect of the phrase "properly joined and served" in the statute. (Dkt. 15 at 3). Lawhorne also focuses on 28 U.S.C. § 1441(b)(2).[1] Lawhorne cites and quotes *Campbell v. Hampton Rds. Bankshares, Inc.*, 925 F. Supp. 2d 800 (E.D. Va. 2013), a case which addressed a split in authority regarding whether a forum defendant itself could remove a case before it and any other forum defendant was "properly joined and served." (Dkt. 9 at 2).

As discussed below, the forum-defendant rule does not provide grounds for removal in this case and, therefore, the case will be remanded.

1.  **28 U.S.C. § 1441(a): Removal Generally**

WBA argues that removal is proper in this case because the Plaintiff and the *served* defendant were completely diverse at the time of the removal. That is not the test. "Except as

---

[1] Lawhorne argues in the alternative that the case should be remanded because she is moving to dismiss WBA, the removing party. (Dkt. at 4). She provides no further argument or authority as to why a post-removal dismissal of the removing defendant warrants remand of an otherwise properly removed action. The Court need not consider Lawhorne's additional argument because it will remand on other grounds.

4

otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States shall have original jurisdiction, may be removed by the defendant or defendants . . . ." 28 U.S.C. § 1441(a).  Here, WBA has failed to demonstrate that this action originally could have been filed in this Court based on diversity of citizenship.

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998); *see* 28 U.S.C. § 1332.  "*Only* state-court actions that *originally* could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing § 1441(a)) (emphases added).

The Amended Complaint alleges (1) Plaintiff is a citizen and resident of Virginia and (2) Defendant Mashayekh is a resident of Virginia.  (Dkt. 1-1 at 2).  Although WBA correctly notes that citizenship is determined by domicile rather than residency, it is WBA's burden to show that complete diversity exists, in this case by showing that Mashayekh is not a citizen of Virginia.  It is well-settled that, on a motion to remand, "the removing party bears the burden of establishing jurisdiction."  *United Co. v. Keenan*, No. 1:06-cv-00071, 2006 WL 2994989, at *2 (W.D. Va. Oct. 20, 2006); *see Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014) ("The burden of establishing federal subject matter jurisdiction is place upon the party seeking removal." (quotations omitted)).  WBA failed to do so despite being given the opportunity in its briefing and at the hearing.  WBA, therefore, failed to carry its burden to demonstrate complete diversity such that the action originally could have been filed in federal court.  WBA, however, argues that it need show complete diversity only as to Lawhorne and the served Defendant (WBA) under 28 U.S.C. § 1441(b)(2).

### 2. 28 U.S.C. § 1441(b)(2): Forum Defendant Rule and Exception

WBA asserts that the plain, unambiguous language of Section 1441(b)(2) allows it to remove because the forum Defendant had not been served prior to the removal. The Court begins with the language of the statute itself, which neither party quotes in full:

> *A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title* may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). On its face, § 1441(b)(2) applies only when the civil action is "otherwise removable solely on the basis of the jurisdiction under section 1332(a)." This action was not "otherwise removable" because, as discussed above, complete diversity does not exist which would provide original jurisdiction.

Section 1441(b)(2) does not provide an alternative basis for federal jurisdiction and it does not alter the underlying requirement that a party seeking to establish diversity jurisdiction must demonstrate complete diversity between the parties. Rather, § 1441(b)(2) narrows the scope of when a complete diversity action may be removed by adding an additional jurisdictional requirement that defendants seeking to remove a case to federal court may do so only if no forum defendant has been properly joined and served. *Khaliq v. Parexel, Int'l*, Civil No. CCB-18-0945, 2018 WL 3998967, at *2 (D. Md. Aug. 21, 2018); *see Whitman v. Ruby Tuesday, Inc.*, Civ. Action No. 1:17CV58, 2017 WL 3402962, at *3 (N.D.W. Va. Aug. 8, 2017) ("18 U.S.C. § 1441(b)(2) is inapplicable here, however; it applies only to those cases in which the parties are indeed diverse, but one of the defendants is a citizen of the forum state and the plaintiffs are not.").

This case is identical to that in *Cook v. Bob Evans Farms, Inc.*, No. 2:11-CV-01017, 2012 WL 407261 (S.D.W. Va. Feb. 8, 2012). In *Cook*, a West Virginia plaintiff brought an action against a West Virginia defendant and an out-of-state defendant. The out-of-state defendant

6

removed the case to federal court prior to service on the West Virginia defendant. 2012 WL 407261, at *4. The court in *Cook* concluded that no complete diversity existed at the time of removal and, without complete diversity, a court does not reach the forum defendant rule. *Id.* That is, § 1441(b)(2) does not negate the requirement that a removing party show complete diversity of all the plaintiffs and all the defendants such that the lawsuit could originally have been filed in federal court.

Because the Court did not have original diversity jurisdiction, the suit was not "otherwise removable." Accordingly, Section 1441(b)(2)'s provision regarding removal when a non-forum defendant has not been "properly joined and served" cannot provide the basis for removal.

### 3. Cases Cited by WBA Support Remand of this Action

The Court's conclusion that remand is required is supported by cases WBA cites for its contrary position. First, WBA relies heavily on *Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 506 (N.D.W. Va. 2015), for the proposition that "a forum defendant must be 'properly joined and served' in order to preclude removal." (Dkt. 15 at 2 (quoting *Bloom*)). In *Bloom*, however, the plaintiff was a citizen of Pennsylvania and the defendants citizens of West Virginia, Maryland, and Florida. Thus, complete diversity existed because all the defendants, including the West Virginia forum defendant, were diverse from the plaintiff, a citizen of Pennsylvania. The action, therefore, was otherwise removable solely on the basis of 28 U.S.C. § 1332(a), and was properly subject to the forum defendant rule and its exception. Significantly, the court in *Bloom* distinguished the situation before it and that in *Cook*. *See Bloom*, 112 F. Supp. 3d at 506 ("Here, unlike the scenario presented in *Cook*, the instant case was 'otherwise removable' under § 1332(a)" as the plaintiff in *Bloom* was diverse from all defendants). Thus, *Bloom* supports the position that

7

the forum defendant rule does not create jurisdiction but applies only when complete diversity exists between a plaintiff and all defendants, served and unserved.

Second, WBA cites *Vitatoe v. Mylan Pharms., Inc.*, No. 1:08-cv-85, 2008 WL 3540462, at *5 (N.D.W. Va. Aug. 13, 2008), as holding that the presence of a forum defendant is not a jurisdictional defect under § 1441(b) and that remand is not required if such defendant has not been served at the time of removal. (Dkt. 15 at 6). In *Vitatoe*, however, complete diversity existed between plaintiffs and all defendants, served and unserved. *See* 2008 WL 3540462, at *2. Further, and of particular significance here, the *Vitatoe* court took pains to distinguish the situation before it from *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F. Supp. 690 (D.S.C. 1987). In *Workman*, the *Vitatoe* court noted, both the plaintiff and unserved defendant were residents of the forum state, which defeated diversity. Therefore, the case had to be remanded because the unserved forum defendant, which remained a party at the time of removal, defeated complete diversity. 2008 WL 3540462, at *2.

Third, WBA cites *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 553 n.2 (S.D.W. Va. 2015), for the proposition that there is a split among federal courts regarding how to apply the forum defendant rule. (Dkt. 15 at 3). The cited footnote, however, references *Cook* as discussing the divide but, significantly, notes that *Cook* did not reach the forum defendant rule because the court in that case found that the parties lacked complete diversity in the first instance. 93 F. Supp. 3d at 553 n.2. Thus, *Phillips Construction*, as do *Bloom* and *Vitatoe*, supports remand in this case.

Finally, in its briefing and at the hearing WBA cited *Chace v. Bryant*, No. 4:10-cv-85-H (E.D.N.C. Nov. 1, 2010), for the proposition that "[c]ourts in the Fourth Circuit have even gone so far as to state that forum defendants that have not been properly joined and served at the time

8

of removal may be ignored." (Dkt. 15 at 5). The Court has obtained a copy of this opinion and finds it does not support WBA's statement. The plaintiff in *Chace* was a citizen of Mississippi and no defendant was a citizen of Mississippi. Thus, there was complete diversity between the plaintiff and all defendants, served and unserved. The forum defendant not served at the time of removal was alleged to be a citizen of North Carolina. (*See Chace v. Bryant*, No. 4:10-cv-85-H (E.D.N.C.), dkt. 1 at 2). The district court in *Chace* did not "ignore" the unserved defendant as WBA states. Rather, the court concluded that "[t]he joinder of [defendant] Bryant, a resident [i.e., North Carolina] defendant, will not destroy complete diversity and will not therefore affect this court's subject matter jurisdiction, as plaintiff does not reside in North Carolina." (*Id.*, dkt. 14 at 3-4). *Chace* was simply a direct application of § 1441(b)(2) where complete diversity provided original jurisdiction in federal court.

In light of the plain wording of 28 U.S.C. § 1441(b)(2), relevant case law, and the principles of federal diversity jurisdiction, the Court will remand this action.

**B.     Plaintiff's Motion to Dismiss Walgreen Boots Alliance, Inc.**

Lawhorne has moved to voluntarily dismiss WBA without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) on the ground that Plaintiff's counsel currently understands that WBA is the incorrect corporate entity and is not a proper party to the litigation. Counsel for WBA is not amenable to stipulating to dismissal pursuant to Fed. R. Civ. P. 41(a)(1). (Dkt. 19).

In light of the Court's determination to remand, the Court will deny Lawhorne's motion to voluntarily dismiss as moot.

**C.     Conclusion**

For the reasons set out above, the Court will grant Lawhorne's motion to remand but deny her motion to voluntarily dismiss WBA as moot.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to the Clerk of the Circuit Court for the City of Charlottesville.

Entered this 11th day of July 2019.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE